UNITED STATES DISTRICT COURT

EASTERN DISRICT OF LOUISIANA

| | |
|---|---|
| **DAVID BEARD**     **Plaintiff** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | |
| **AUDUBON FIELD SOLUTIONS, LLC**     **Defendant** | |

## FLSA OVERTIME COMPLAINT

Plaintiff DAVID BEARD, an individual of the full age of majority, domiciled in Amite County Mississippi, respectfully avers:

1. Defendant **AUDUBON FIELD SOLUTIONS, LLC ("AUDUBON")** is a limited liability company with a registered office and/or principal business establishment within the jurisdiction of this court.

2. Audubon is liable to Plaintiff for employment compensation, benefits, damages, statutory penalties, attorney fees and expenses, pre and post judgment interest, costs and such other legal or equitable relief as the court may deem appropriate, for the following reasons.

3. Plaintiff was employed by Audubon as a Paint & Coatings Inspector.  He was paid by the hour, at a regular rate of $41 per hour from 2009 to October 2014, then $43 per hour to March 6, 2015, then $50 per hour until Plaintiff's employment was terminated in October 2015.

4. Plaintiff's primary job responsibility involved inspection of abrasive blast cleaning preparation and industrial protective paint and coating applications, using measurement devices and applying industry standardized methods, procedures, standards, specifications, practices and guides to determine whether the surface profile and adherent qualities of abrasive blast cleaned and coated surfaces conformed with ASTM standards and NACE recommended practices.

1

5. Plaintiff customarily and regularly worked more than forty (40) hours in a work week.

6. During the periods specified above Defendant failed to pay Plaintiff and similarly situated employees at a rate of not less than one and one half times the employee's regular hourly rate for each hour of work in excess of forty (40) in a work week, as required by the Fair Labor Standards Act (FLSA) 29 USCA §207.

7. The FLSA violations were willful because Audubon either knew or should have known its conduct was prohibited by the FLSA and showed reckless disregard for the law's requirements.

8. As a result of the foregoing Audubon is liable to Plaintiff and all similarly situated employees for all unpaid wages and for an additional equal amount as liquidated damages under §260 of the FLSA, and for Plaintiff's reasonable attorney's fees and expenses under FLSA §216(b).

9. Audubon used the terms Painting Inspector, Painting & Coating Inspector, Lead Painting Inspector, Lead Painting & Coating Inspector, Construction Coordinator, Offshore Inspector and Facilities Inspector interchangeably to describe persons with essentially the same job responsibilities.

10. The primary job responsibility of persons employed by Audubon in the foregoing job categories involved inspection type work. Such persons used measurement devices and knowledge of technical processes and industry standardized methods, procedures, practices and guides, to determine whether manual or technical work met objective criteria and conformed with industry standards and specifications.

11.  Pursuant to 29 USCA §216(b) Plaintiff brings this action on behalf of all other similarly situated employees, including but not limited to all persons who were employed by Audubon at any time on or after June 7, 2013, in any of the foregoing job categories and who did not receive at least one and one half times the employee's regular hourly rate for each hour of work in excess of forty (40) in a work week.

WHEREFORE, Plaintiff prays: (i) for issuance of citation, (ii) that this action be provisionally certified as a §216(b) collective action, (iii) the defendant be ordered to provide the names and contact information for all putative class members, (iv) the Court authorize Notice of the pendency of the action to all similarly situated employees, (v) that after due proceedings there be judgment in favor of all Plaintiffs for unpaid overtime wages due and additional sums as liquidated damages, (vi) for Plaintiffs' reasonable attorney's fees and expenses, (vii) pre-judgment and post judgment interest on the award, (viii) costs, and (ix) for all other legal, equitable or other relief which the Court may deem appropriate.

RESPECTFULLY SUBMITTED

*/s/ Christopher  Zaunbrecher*
CHRISTOPHER ZAUNBRECHER - 09546
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
Telephone: (337) 237-4070
Facsimile: (337) 233-8719
ATTORNEY FOR PLAINTIFF